UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **DAVID OPPENHEIMER,** § | | |
| Plaintiff, § | | CA No. _____ |
| § | | |
| § | | |
| v. § | | |
| § | | |
| § | | |
| **THE COUNTRY CLUB OF SAPPHIRE** § | | |
| **VALLEY, INC., and DANIEL EDWARD** § | | |
| **DUBREUIL** § | | |
| Defendants. § | | **JURY DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendant, **THE COUNTRY CLUB OF SAPPHIRE VALLEY, INC.** ("CCSV" or "Defendant"), alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.), and 17 U.S.C."1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA").

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

### THE PARTIES

3. Plaintiff is a citizen of North Carolina engaged in the business of professional photography, and who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4.  CCSV is a North Carolina Nonprofit Corporation, having its principal business activity the operation of a golf course and country club in the Sapphire Valley. CCSV will receive actual notice of this filing by service upon its registered agent, Ralph L. Hicks, Coward, Hicks and Siler, P.A., at his principal place of business, P.O. Box 1918, Cashiers, NC 28717-1918.

5.  Daniel Edward DuBreuil is an individual citizen of the State of South Carolina, and will receive actual notice of this filing by service upon him at his home, 2101 Bay Street, Beaufort, SC 29902-5414, or at his office, Spring Island Realty, LLC, 38 Mobley Oaks Lane, Okatie, SC 29909.

## INTRODUCTORY FACTS

6.  Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the three (3) photographs at issue in this matter (collectively, the "Works," **Exhibit A**).

7.  Oppenheimer makes his photographic works available for viewing – as well as for sale and licensing – online at his website http://www.performanceimpressions.com.

8.  Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the three (3) Works and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. See **Exhibit B**.

9.  At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Works. Oppenheimer's copyrights in the above-described Works are presently valid and subsisting, and were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

10. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyrighted photographs when they are first published by him, and thereafter. Each of Oppenheimer's Works at issue in this case when published, prominently displayed his CMI in the caption and with a watermark, as well as embedded in the metadata of the Works. Thus, Defendants were on notice that the Works were copyright-protected.

11. Fewer than three years before this filing, Oppenheimer discovered that CCSV and DeBreuil had infringed his copyrights by uploading and publishing (or directing others to do so) his three (3) protected images in the manners depicted on **Exhibit C** (original infringement on CCSV's webpage), **Exhibit D** (LinkedIn posting by CCSV's general manager/chief operating offer, Dan DeBreuil), **Exhibit E** (Pintrest posting by CCSV), **Exhibit F** (CCSV's job posting on the CoolWorks web site), and **Exhibit G** (CCSV's recruitment brochure).

12. Upon information and belief, Defendants located and accessed Oppenheimer's three (3) Works on his website, http://www.performanceimpressions.com, or through a Google image search.

13. On February 9, 2015, Oppenheimer sent CCSV an email (to three different email addresses) inquiring about its use of the first-discovered infringement of these copyrighted Works, and requesting information about the details of the publication (**Exhibits H**).

14. Both parties obtained counsel, but were unable to agree on either a settlement amount, or on the terms of settlement.

**CAUSES OF ACTION**

**COUNT I – COPYRIGHT INFRINGEMENT**

15. Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

16. Defendants have infringed Oppenheimer's copyrights in and to the three (3) Works shown on **Exhibit A** by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violation of Title 17.

17. Upon information and belief, Defendants have benefitted from their infringements of the three (3) Works while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

18. Oppenheimer re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim*.

19. CCSV and DuBreuil have caused, enabled, facilitated, and/or materially contributed to the infringement complained of herein by directly and/or indirectly promoting the infringements, and/or have refused to exercise their ability to stop the infringements of third parties made possible by their actions.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

20. Oppenheimer re-alleges and incorporates paragraphs 1 - 19 hereinabove as if recited *verbatim*.

21. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time he performed the infringing acts, DuBreuil was an officer, director, manager, and/or other principal of CCSV.

22. On information and belief, DuBreuil controlled nearly all decisions of said CCSV, and was the dominant influence in the company. DuBreuil provided hands-on decision making

with respect to the activities of CCSV, making most of the decisions of the company. He therefore had the right and ability to supervise and/or control the infringing conduct of CCSV, and/or to stop the infringements once they began. Upon information and belief, DuBreuil had an obvious and direct financial interest in the infringing activities of CCSV.

23. Accordingly, DuBreuil is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the actions of CCSV.

## COUNT IV – VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA")

24. Oppenheimer re-alleges and incorporates paragraphs 1 - 23 hereinabove as if recited *verbatim*.

25. Oppenheimer clearly marked all three (3) of the Works both -- on the face of his images, in legible captions, and in the metadata -- with his CMI, including a © notice of copyright on the face of the images and/or within legible captions, and within the metadata stating that all rights are reserved, including instructions, Oppenheimer's address, phone number, email, and website URL. Oppenheimer does this to distinguish his Works from the works of others in his field, as well as to ensure that anyone who views his Works understands that Oppenheimer owns all rights and title. On information and belief, one or both of the Defendants (discovery will reveal which) violated the DMCA by removing Oppenheimer's CMI, or having others do so.

26. In accomplishing the infringements identified above, and upon information and belief, one or both of the Defendants intentionally removed and/or omitted Oppenheimer's CMI from copies of Oppenheimer's three (3) Works.

27. Upon information and belief, one or both of the Defendants distributed copies or derivatives of such Works knowing that such CMI had been removed or omitted without having authorization to do so.

28. At the time Oppenheimer's CMI was removed from copies of his three (3) Works, and at the time copies of the Works were distributed from which the CMI had been removed or omitted, one or both of the Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Oppenheimer's copyrights.[1]

29. Oppenheimer is entitled to and seeks recovery of statutory damages from Defendants not exceeding $25,000 for *each act* committed in violation of his rights under 17 U.S.C. § 1203(c)(3)(B).

30. Pursuant to 17 U.S.C. § 203(b)(5), Oppenheimer is entitled to recover, and therefore seeks the recovery of his reasonable attorney's fees.

## CAUSATION/DAMAGES

31. As a result of Defendants' above-described acts of copyright infringement and DMCA violations of Oppenheimer's three (3) separate Works, Oppenheimer has sustained actual damages in an amount not yet ascertained but which is believed to be in excess of $150,000. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of defendants' profits attributable to their infringements, statutory damages, research time tracking down and documenting the infringements, and time spent serving third parties displaying the infringing with take down and preservation of data notices.

---

[1] As examples of how Authors such as Oppenheimer lose control of their Works when infringers remove CMI from them, see **Exhibits I** and **J.**

32. In addition to damages for copyright infringement, Plaintiff seeks recovery of the statutory DMCA penalties as set out above.

## RELIEF REQUESTED

33. Oppenheimer demands an accounting by Defendants of their activities in connection with their infringements of his copyrights in and to the three (3) above-described and attached Works, as well as disgorgement of their gross profits, and/or all other benefits attributable thereto.

34. Oppenheimer is entitled to recover and therefore seeks recovery of actual damages plus all of Defendants' profits attributable to the infringements.

35. Alternatively, because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks to recover statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars) *for each of the three (3) Works infringed,* plus costs, including expert witnesses' and Lodestar attorney's fees, pursuant to 17 U.S.C. § 504(c) and §505.

36. Oppenheimer is also entitled to recover, and therefore seeks the recovery of DMCA penalties not exceeding $25,000 for each act committed in violation of 17 U.S.C. §1203(c)(3)(B).

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

37. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or adverstising;

38. That Defendants be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's

copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Defendants;

39. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

40. That Defendants be ordered jointly and severally, to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendants' copyright infringements described herein;

41. In the alternative, at Oppenheimer's option after verdict, that Defendants be ordered jointly and severally, to pay maximum statutory damages in the amount $150,000 for each of the three (3) separate Works infringed pursuant to 17 U.S.C. § 504(c); or such other amount as the jury may deem proper pursuant to 17 U.S.C. § 504(c).

42. That Defendants be order jointly and severally, to pay to Oppenheimer an award of statutory damages for each and every violation by Defendants of the DMCA pursuant to 12 U.S.C. § 1203, *et seq.*;

43. That Defendants be ordered jointly and severally, to pay to Oppenheimer his costs including attorney's fees; and

44. That Oppenheimer have such other and further relief as this court shall deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

                            **LEJUNE LAW FIRM**

By:    */s Dana A. LeJune*
        Dana A. LeJune
        Texas Bar: 12188250
        NC Bar: 49025
        6525 Washington Avenue
        Suite 300
        Houston, Texas 77007
        713.942.9898 Phone
        713.942.9899 Facsimile
        dlejune@triallawyers.net